IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| LISA CURRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:23-cv-00053-H |
| | § | |
| CRESTBROOK INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Lisa Curry ("Plaintiff") and Defendant Crestbrook Insurance Company, ("Defendant") (collectively, the "Parties"), hereby file this Amended Complaint and would respectfully show as follows:

### I.
### THE PARTIES

1. Ms. Curry is a Texas resident who resides in Tom Green County, Texas.

2. Crestbrook Insurance Company is an insurance company doing business in the State of Texas and is the insurer for the policy at issue, identified as Nationwide Private Client.

### II.
### DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Ms. Curry currently seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Tom Green County because all or a substantial part of the events or omissions giving rise to the claim occurred in Tom Green County, specifically, the loss at issue occurred at 216 S Park St, San Angelo, TX 76901.

## V.
## FACTUAL BACKGROUND

7. Ms. Curry is a named insured under a property insurance policy, Policy Number HO00072341, issued by Crestbrook Insurance Company, effective from at least May 23, 2019, to May 23, 2020. The policy provides coverage for Dwelling, Other Structures, and Personal Property, with deductibles of $10,000 for All Peril and Wind/Hail losses.

8. On or about May 21, 2020, a significant hailstorm impacted the San Angelo, TX area, causing damage to Ms. Curry's house and other insured property located at 216 S Park St, San Angelo, TX 76901. Ms. Curry subsequently filed a claim under her insurance policy, Claim Number CLM-00078945. The claim was contacted and received on June 8, 2020.

9. Following the reported loss, Crestbrook conducted a substandard investigation and provided initial estimates that were far below the actual amount of covered damages to the property. An estimate dated June 17, 2020, indicated a Replacement Cost Value (RCV) for Dwelling of $6,856.08, but after the application of the $10,000 deductible, the Net Claim was $0.00. This estimate explicitly stated, "No wind or hail damage found to the roof tiles". The items covered in this estimate included the removal and replacement of Skylight, R&R Furnace

vent, the removal and replacement of Cap flashing, the removal and replacement of the Gutter/downspout, and a skylight labor minimum.

10.  Curry and her contractor complaints, which prompted the authoring of a revised, subsequent estimate, dated September 27, 2021. This revised estimate, again, ignored many of the covered damages to the property and for those it did identify, it allowed for an amount far below the actual costs to repair those damages. This revised estimate found the following covered damages for Dwelling amounted to $16,577.87. After applying the $10,000 deductible, a Net Claim of $6,577.87 was determined, and a payment in this amount was issued to Ms. Curry. This estimate included additional line items such as the removal and replacement of Tile roofing (100 tiles for "11 tiles damaged by hail only"), the removal and replacement of the Exhaust cap, Material Only Central air condenser repair, HVAC Technician labor, the removal and replacement of Tile floor covering for the Back Porch, the removal and replacement of Ceramic/porcelain tile for the Exterior Wall Fountain, Debris Removal, and various labor minimums.

11.  Despite these payments, Crestbrook improperly denied and/or significantly underpaid the claim.

12.  Curry continued to complain because this amount was not an accurate indication of the actual damages suffered and did not fully identify all the covered damages to the property. In response, Defendant doubled down and retained engineers known to be friendly to insurance companies. Crestbrook retained Donan engineering to author a report that would corroborate its decision to underpay and improperly ignore the widespread covered damages to the property. The Donan Engineering Co., Inc. report was finalized on September 24, 2021. This report determined the following:

- Based on collateral indicators (dents in downspout, vent caps, parapet wall metal cap flashing, HVAC units), hail up to 1 ½-inches in diameter fell at the property on May 21, 2020.

- Eleven roof tiles were considered to be damaged due to hail impact, displaying freshly fractured edges, radiating fractures, and crescent-shaped breaks consistent with hail. The report recommended spot repairs for these tiles, noting that replacement tiles are available from salvaged reclaim markets or as custom reproductions.

- Damage to three Saltillo tiles of the back porch and one ceramic tile of the exterior wall water fountain was also found to be consistent with hail impact, exhibiting sharp edges and bright exposed surfaces.

- The TPO membrane roof was not damaged by hail or wind. Wind speeds were deemed insufficient to cause the alleged wind damage.

13. In other words, Defendant's engineer conceded that a covered cause of loss struck the property and confirmed that the claim should have been accepted and coverage opened. However, Defendant still completely disregarded the widespread damage throughout the property and would only confirm the random and minimal damage already paid for.

14. In light of the blatant disregard for the real scope of covered damages, the appraisal provision was invoked. This is a contractual process designed to Following further dispute regarding the amount of loss, Ms. Curry and Crestbrook engaged in an appraisal process as provided for in the policy.

15. Pursuant to the appraisal provision in the policy the following panel was appointed to determine the amount of covered damages from the wind/hail storm at issue: An Umpire, Jason

Malone, along with appraisers for the Insured (Chris Foster) and Insurer (Mike Murphy), were appointed.

16. On February 14, 2025, a final Appraisal Award was signed by Umpire Jason Malone and the appraiser for the insured. This is a binding award that should have been paid in full by Crestbrook.

17. This Appraisal Award determined the total amount of loss for the Dwelling only to be $194,580.16 Replacement Cost and $169,799.27 Actual Cash Value.

18. Rather than pay the award, Defendant refused and in doing so committed another and separate breach of the policy.

19. Notably, this February 14, 2025 award is the only authorized, valid, and final appraisal award, reflecting his honest, independent, and impartial judgment of the actual damages sustained by Lisa Curry as a result of the May 21, 2020 wind and hail event. Any other awards were not intended to be final by the panel and Umpire Malone has made that clear via email to the attorneys of record in this matter.

20. The Appraisal Award of $194,580.16 RCV significantly exceeds Crestbrook's highest payment of $6,577.87. This substantial disparity demonstrates that the adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages observed during the inspection, and undervalued the damages that were observed.

21. Because of Cresbrook's unreasonable investigation and denial of policy benefits, Curry invoked appraisal prior to filing this suit. Therefore, Curry further seeks damages in the amount of appraisal costs pursuant to *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019).

22. Crestbrook performed an outcome-oriented investigation of Ms. Curry's claim, which resulted in a biased, unfair, and inequitable evaluation of Ms. Curry's losses on the property, leading directly to the underpayment of her claim.

23. To date, Crestrbook has continued to engage in unreasonable delay tactics to avoid proper payment on Curry's claim, which resulted in a biased, unfair, and inequitable evaluation of Curry's losses on the property.

24. As a result of Crestbrook's wrongful acts and omissions, Curry was forced to retain the professional services of the law firm representing Curry with respect to these causes of action.

## VI.
## CAUSES OF ACTION

25. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.    Breach of Contract**

26. Crestbrook had a contract of insurance with Curry. Crestbrook breached the terms of that contract by wrongfully denying and/or underpaying the claim and Curry was damaged thereby.

**B.    Prompt Payment of Claims Statute**

27. The failure of Crestbrook to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code. For example, Crestbrook failed to pay for policy benefits owed to Curry within the period set forth under Section 542.058, along with any pre-judgment and post-judgment interest allowed under the Texas Finance Code.

28. Curry, therefore, in addition to her claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

## C.     Bad Faith

29.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

30.     Defendant violated § 541.051 of the Texas Insurance Code by:

  i. making statements misrepresenting the terms and/or benefits of the policy.

31.     Defendant violated § 541.060 by:

  ii. misrepresenting to Curry a material fact or policy provision relating to coverage at issue;

  iii. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

  iv. failing to promptly provide to Curry a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

  v. failing within a reasonable time to affirm or deny coverage of a claim to Curry or submit a reservation of rights to Curry; and

  vi. refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

32.     Defendant violated § 541.061 by:

  vii. making an untrue statement of material fact;

  viii. failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   ix. making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   x. making a material misstatement of law; and

   xi. failing to disclose a matter required by law to be disclosed.

33. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

34. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D. Attorneys' Fees**

35. Curry engaged the undersigned attorney to prosecute this lawsuit against Crestbrook and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

36. Curry is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because it is represented by an attorney, presented the claim to Philadelphia Indemnity, and Crestbrook did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

37. Curry further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## COCURRYTIONS PRECEDENT

38. All conditions precedent to Curry's right to recover have been fully performed or have been waived by Defendant.

## VIII.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Curry prays that, upon final hearing of the case, Curry recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Curry be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Curry may show herself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: _/s/ Maria R. Gerguis_
Richard D. Daly
State Bar No. 00796429
rdaly@dalyblack.com
Maria R. Gerguis
State Bar No. 24090355
mgerguis@dalyblack.com
2211 Norfolk Street, Suite 300
Houston, Texas 77098
Tel: (713) 655-1405
Fax: (713) 655-1587
ecfs@dalyblack.com (service)
**ATTORNEYS FOR PLAINTIFF
LISA CURRY**

## CERTIFICATE OF SERVICE

   I hereby certify that on August 20, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

Patrick M. Kemp
Robert G. Wall
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile
pkemp@smsm.com
rwall@smsm.com
**ATTORNEYS FOR DEFENDANT**

              */s/ Maria R. Gerguis*
              Maria R. Gerguis